IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Larry Wayne Scott, Jr., *a/k/a Larry Wayne Scott, Jr., #1612832, a/k/a Larry W. Scott, Jr., #315277*,

Plaintiff,

v.

Viola Riggin; Director Davis,

Defendants.

C/A No.: 5:26-cv-1956-SAC

**OPINION AND ORDER**

Larry Wayne Scott, Jr. ("Plaintiff"), proceeding *pro se*, filed this action while being detained at the Sheriff Al Cannon Detention Center. On May 19, 2026, the Court issued an order informing Plaintiff his Complaint was not in proper form for service. ECF No. 8. The Court directed Plaintiff to complete, sign, and return a standard complaint form, pay the filing fee or complete an application to proceed without prepaying the filing fee, and to provide service documents for the defendants named in his case. *Id*. Plaintiff partially responded to the Court's May 19th Order; however, he failed to provide the Court with the requested documents. ECF No. 12. On September 3, 2026, the Court issued a second order directing Plaintiff to complete, sign, and return a standard complaint form, pay the filing fee or complete an application to proceed without prepaying the filing fee, and to provide service documents for the defendants named in his case. ECF No. 14. Plaintiff was again warned that the failure to provide the necessary information within a specific time period may subject his case to dismissal. *Id*. The time for Plaintiff to file a response to the September 3rd Order expired on September 24, 2026, and Plaintiff is presumed to have received the proper form order. However, Plaintiff has not filed any of the

documents necessary to bring the case into proper form, nor has he submitted any other response to the Court's September 3rd Order.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. *Id*. at 630. As Plaintiff has failed to prosecute this case and has failed to comply with an order of this Court, the case is dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

October 22, 2026
Columbia, South Carolina

Sheria Akins Clarke
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.